IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Grupo Condumex, S.A. etc.,            Case No. 3:99CV7316

           Plaintiff

           v.            ORDER

SPX Corporation, et al.,

           Defendants

This suit began when the plaintiff, Grupo Condumex, S.A.De.C.V. [Condumex], sought to enforce a right of first refusal that it claimed it had in shares of Promotora De Industries Mecanicas, S.A. De C.V. [Promec], a joint venture between it and the defendant SPX Corporation [SPX]. SPX had transferred the shares to the defendant Dana Corporation [Dana]. Following trial, I entered judgment in favor of Condumex and against Dana, which then held the shares. Complying with that judgment and pursuant to court order, Dana delivered the Promec shares to Condumex.

Thereafter, Dana and Condumex settled various matters in dispute between them. As a result of the settlement, Dana retrieved the Promec shares.

Dana is asserting claims against SPX for breach of warranties in the Asset Purchase Agreement [Agreement] whereby SPX had transferred the Promec shares to Dana. Dana has filed a motion for summary judgment as to its claims.

Defendant SPX sought, and was granted, leave to file a motion to compel discovery before filing its opposition to Dana's summary judgment motion. SPX's motion to compel seeks discovery, in general, of: 1) what Dana knew and when it knew it with regard to breach of the warranties on which it bases its current claim against SPX; and 2) damages incurred by Dana as a result of the alleged breach. [Doc. 253]. Dana has filed a motion for a protective order encompassing the same discovery. [Doc. 259].[1]

### 1. Discovery re. Dana's Knowledge or Waiver of Breach of Warranty

With regard to the first issue [namely, what Dana knew and when it knew it about the breach of the warranty], Dana contends that no such discovery should be allowed. The basis for this contention is its contention that, under Michigan law, which is controlling, even if it knew that SPX was in breach of the warranty, that does not affect its right to recover whatever damages resulted from the breach.

SPX, on the other hand, argues that Dana cannot recover for a breach of which it was aware, at the latest, before the closing on the Agreement. Even if Dana's knowledge does not foreclose *ab initio* any claim for the breach, SPX contends that Dana's execution of the transaction constitutes a waiver of its claims. Dana, it suggests, should not profit from acting with its eyes wide shut.

---

[1] The parties were granted leave to file the pending motions after my unsuccessful efforts to resolve the discovery dispute informally.

Dana, in response, points to provisions of the Agreement that state that the warranties in the Agreement survive, *inter alia*, any examination it undertakes and execution of the Agreement.

The parties agree on one thing: no decision by the Michigan courts controls the outcome of the parties' disagreement as to whether Dana's knowledge or its decision to proceed with the closing in the face of such knowledge provides an affirmative defense to SPX against Dana's claim for damages from the alleged breach of the warranties in the Agreement.

Faced with this situation, Dana urges me to go ahead and decide the issue in the way that I believe the Michigan courts would decide it. SPX says I cannot and should not do so, because that would put the cart of a substantive ruling ahead of the horse of discovery. That would not be fair, SPX suggests, because it has yet to respond to Dana's summary judgment motion.

Dana's response is that it shouldn't be required to respond to discovery as to defenses that, at least in its view, are meritless. The discovery cart should not, Dana argues in effect, go ahead of the substantive horse. It asks me, if I don't decide the substantive issue now, to set aside the current discovery dispute to address the legal effect under Michigan law of its knowledge and alleged waiver at closing.

That makes sense to me. Though the parties have addressed those issues at considerable length, I am persuaded that it would be best to permit, to the extent that the discussion thus far has been truncated, for us all to focus on those underlying substantive issues. If Dana is correct that what it knew and when it knew it has no bearing on its rights under the Agreement, the discovery demanded by SPX is not necessary.

**2. Discovery re. Damages**

3

The other discovery sought by SPX relates to Dana's damages from any breach of warranties. SPX points out that the transaction between Condumex and Dana leading to Dana's regaining the Promec shares was one part of a multi-faceted exchange or transfer of many assets. SPX wants to learn the value of each of the component parts of the settlement. This is necessary, it contends, for it to be able to ascertain whether Dana, at the end of the day, after the guns stopped firing and the dust settled, really incurred any loss vis-a-vis any breach of warranty in the Agreement.

Dana claims that the breach of warranties resulted in finite damages of $10,280,000. SPX says that it has the right to test that contention, and to show that other aspects of the settlement, of which the Promec shares were a part, resulted in benefits to be taken into account in computing the loss, if any, incurred by Dana.

Dana argues that SPX cannot claim the benefit of any collateral financial benefits realized by Dana as part of its overall settlement with Condumex. Instead, according to Dana, assessment of its damages from the breach of warranties in the Agreement has a narrow focus, and looks in isolation solely at the impact of the loss [albeit temporary] of the Promec shares.

Dana notes that SPX has not cited a legal basis for its contention that it is entitled to the benefit of gains that Dana may have realized from other components of the settlement. In Dana's view, the only conceivable theory under which its damages could be reduced in SPX's favor is the rule that any benefit to a plaintiff arising from or as a result of a breach may be offset against the plaintiff's recovery.

According to Dana, the so-called "offset" theory of mitigation, on which Dana perceives SPX must be relying, involves only two situations:

4

- the means necessary for the plaintiff to have obtained the profit or saving from the subsequent contract would have been unavailable if the original contract was performed; or

- the breach resulted in a direct and immediate savings to the plaintiff.[2]

With regard to the first circumstance, Dana points out that SPX stated in an interrogatory answer that Dana realized no value as a result of SPX's breach: "SPX states that it does not claim Dana received a benefit or gain from any inaccurate warranty." [Doc. 260, Exh. M #38].

SPX provides no meaningful response to Dana's recitation of the applicable legal principle under Michigan law. The same is true with regard to Dana's assertion about the effect, in light of that principle, of SPX's concession in its interrogatory response. In essence, SPX simply states that it is entitled to find out whether Dana can meet its burden of mitigating its damages, without comment on how Dana framed the substantive legal doctrine.

With regard to the second circumstance in which a mitigation offset might, according to Dana, be available to SPX – that the breach of the warranty resulted in a direct and immediate savings to Dana – Dana asserts that the benefits of its ultimate settlement would have been equally available had there been no breach of warranty. SPX makes no response to this contention except to say that it is entitled at this stage to the discovery it seeks regarding Dana's damages.

Neither brief having addressed the underlying basis on, or the extent to which SPX can assert a lack of mitigation, I am left largely adrift. In light of the rather considerable unresponsiveness of SPX's response to Dana's delineation of the applicable legal doctrine, I could properly deny its

---

[2] In support of this contention, Dana cites *Tel-Ex Plaza, Inc. v. Hardees Restaurant*, Inc., 76 Mich. App. 131, 255 N.W. 2d 794 (cost of building required to be built by lease agreement was properly deducted from loss of rent resulting from breach of lease).

request to untangle the valuation threads to enable SPX to see if Dana's damages were less than it claims.

Having, though, decided to put consideration of SPX's discovery requests regarding Dana's knowledge and putative waiver on hold to determine the applicable law of Michigan, it seems appropriate, and fair, to have the parties concurrently more fully develop the issue Dana has raised regarding the limits of any claim of mitigation.

It is, therefore

ORDERED THAT further proceedings on SPX's motion to compel discovery [Doc. 253] and Dana's motion for a protective order [Doc. 260] be, and the same hereby are stayed pending further proceedings in accordance with this Order.

A telephone conference to schedule the further briefing prescribed herein is set for February 12, 2008 at 4:00 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge